DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin A. Brown appeals his conviction for possession of cocaine contending that the jury verdict is against the manifest weight of the evidence. Based on his own testimony that he was wearing borrowed clothes when he was arrested, i.e., he did not own the drugs or know they were in the borrowed clothing, appellant argues that the state failed to prove he knowingly
had possession of the cocaine. However, as the trier of fact, the jury was free to credit the testimony of one party or witness over the testimony of another party or witness. Here, the arresting officer testified that the appellant failed to mention the "borrowed clothes" or to disclaim ownership of the drugs at his arrest. Thus, the jury was free to discredit the appellant's trial testimony that neither the clothes nor the drugs were his. Accordingly, we reject appellant's contention that his conviction is against the manifest weight of the evidence and affirm his conviction.
 {¶ 2} Two Gallipolis Police Department patrolmen, Officer David Poling and Officer Matt Champlin, observed appellant operating a motor vehicle. Officer Poling recognized appellant and informed Officer Champlin that appellant did not have a valid driver's license. The officers stopped the vehicle and approached it. Initially, Officer Champlin asked appellant if he had a valid driver's license. Appellant replied, "No." After deciding to place appellant in the cruiser to issue him a citation, Officer Champlin requested that appellant exit the vehicle. Appellant complied. Officer Champlin asked appellant if he had anything on his person that he should be aware of. Appellant answered, "No." Officer Champlin asked if appellant cared if the officer checked. Appellant replied, "No." Officer Champlin clarified by asking, "You don't want me to check or no you don't care if I check."
 {¶ 3} At this point the record in the case reveals two versions of the events. State's witnesses testify appellant said, "No I don't care if you check." Appellant testified that he said, "No you cannot search me."
 {¶ 4} Officer Champlin told appellant to place his hands on the cruiser. Officer Champlin placed his hand on appellant's left pocket and pulled out what was later positively identified as crack cocaine. After handcuffing the appellant, the officers also found marijuana on him.
 {¶ 5} A grand jury indicted appellant for knowingly obtaining, possessing, or using cocaine, a schedule II controlled substance, in an amount exceeding 25 grams, but less than 100 grams, a violation of R.C. 2925.11(C)(4)(c).
 {¶ 6} Appellant pled not guilty and the case proceeded to trial. At the conclusion of the trial, the jury found appellant guilty and the court sentenced him accordingly. Appellant now appeals and raises a single assignment of error: "THE JURY VERDICT OF GUILTY IN THIS CASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
 {¶ 7} Appellant contends the state failed to prove beyond a reasonable doubt that he knowingly had possession of the drugs. Appellant does not dispute that he was in possession of cocaine; rather, he contends that his possession was inadvertent or accidental.
 {¶ 8} When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180,193. The reviewing court sits, essentially, as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins (1997),78 Ohio St.3d 380, 387 (quoting Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218, 72 L.Ed.2d 652.) The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, 80; Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, 78 Ohio St.3d at 387 (quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.) On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978),56 Ohio St.2d 169, syllabus.
 {¶ 9} The jury convicted appellant of violating R.C.2925.11(C)(4)(c), which provides that no person shall knowingly obtain, possess, or use a controlled substance. Specifically, the indictment charged that appellant possessed cocaine, a schedule II controlled substance, in an amount exceeding 25 grams, but less than 100 grams. Appellant does not dispute that he was in possession of cocaine, however contends that he was unaware of the existence of it at the time of his arrest.
 {¶ 10} "Knowingly" is defined in R.C. 2901.22(B): "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." "[W]hether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App.3d 555, 563. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." Statev. McDaniel (May 1, 1998), Montgomery App. No. 16221, citing State v. Elliott (1995), 104 Ohio App.3d 812.
 {¶ 11} In its case in chief, the state presented evidence that the officers found cocaine in the appellant's left pants pocket. However, appellant subsequently testified that he did not know the cocaine was there. He indicated that on the day he was stopped, he awoke at one o'clock p.m., went to a car that was not his and borrowed someone else's clothes to wear. Appellant stated that he did not know that the cocaine was in the pants pocket.
 {¶ 12} Although appellant testified that he did not know the cocaine was in his pocket, the evidence indicated that he wore the clothes all day and was wearing them at the time he was stopped by Officers Champlin and Poling at 7:13 p.m. Thus, the trier of fact was entitled to determine his testimony was not credible. This is especially true in light of the fact that at the time of his arrest, and prior to receiving a Miranda warning, he did not indicate to the officers that he was wearing borrowed clothing. In fact, the arresting officer indicated that the appellant didn't act surprised when the officer pulled the cocaine out of his pocket. Rather, "Basically he just hung his head."
 {¶ 13} Because the jury is free to believe all, part or none of the testimony of each witnesses, State v. Caldwell (1992),79 Ohio App.3d 667, 679, we cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice. A reasonable mind could conclude beyond a reasonable doubt that the appellant knowingly possessed the cocaine.
 {¶ 14} Accordingly, we overrule appellant's assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.