DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment of conviction and sentence. A jury found Anthony R. Huff, defendant below and appellant herein, guilty of felonious assault in violation of R.C. 2903.11. Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY FAILING TO GIVE AN INSTRUCTION ON AGGRAVATED ASSAULT."
SECOND ASSIGNMENT OF ERROR:
"TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ASK FOR A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT."
THIRD ASSIGNMENT OF ERROR:
"THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO CONVICT THE DEFENDANT OF FELONIOUS ASSAULT AS A MATTER OF LAW."
FOURTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS A MATTER OF LAW."
FIFTH ASSIGNMENT OF ERROR:
"THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATES THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PURSUANT TO THE OHIO SUPREME COURT'S HOLDINGS IN STATE V. FOSTER, ET AL. (2006), ___ OHIO ST.3d ___, 2006 Ohio 856."
 {¶ 2} Misti Johnson and Brandon Webb have three children and, over the years, have had a sporadic relationship. In the fall of 2005, Misti lived with appellant in a Limerick Road home. On the evening of October 10, 2005, Brandon, his sister and her children visited Misti and her children at the Limerick Road residence while appellant spent the evening with friends Gina Havell and Chris Ross at their Sciotoville home. Misti telephoned appellant three times during the course of that evening and, on the last call, Brandon apparently said something to upset appellant. Soon thereafter, appellant, Havell and Ross drove to Limerick Road.
 {¶ 3} In the early morning hours of October 11, 2005, Misti and Jennifer Webb (Brandon's sister) were using the internet when the phone connection suddenly went dead. Moments later, appellant kicked the residence's door down and threatened to kill Brandon. The two men eventually fought in a rear bedroom and appellant struck Brandon in the head with a baseball bat. Appellant, Havell and Ross then left the residence, but were apprehended a short time later.[2]
 {¶ 4} The Jackson County Grand Jury returned an indictment that charged appellant with felonious assault in violation of R.C. 2903.11. At the jury trial, Brandon testified that when appellant burst into the home and threatened to kill him, he grabbed a bat for protection. Although appellant first entered the back bedroom unarmed, he apparently observed that Brandon had a bat and appellant then retrieved his own bat.[3] Brandon testified that he dropped his bat when appellant reentered the bedroom with a bat. Appellant then struck Brandon with the bat and sent him "flyin' into the walls." Misti Johnson confirmed that Brandon dropped his bat, although she claimed that it occurred after he and appellant began fighting, and that appellant struck Brandon with his bat. Jennifer Webb did not witness the actual fight, but confirmed that appellant burst into the house and threatened to kill Brandon.
 {¶ 5} After hearing the evidence and counsels' arguments the jury returned a guilty verdict. The trial court then sentenced appellant to serve seven years imprisonment. This appeal followed.
 I {¶ 6} We first proceed, out of order, to consider appellant's third assignment of error. Appellant asserts that the evidence is insufficient to suggest a felonious assault conviction. We disagree.
 {¶ 7} A review for sufficiency of evidence examines the adequacy of evidence — that is to say, whether the evidence, if believed, reasonably supports a finding of guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259,273, 574 N.E.2d 492. The applicable standard of review is whether after viewing the evidence and all inferences reasonably drawn therefrom in a light that is most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v.Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300, 315; also see Jackson v. Virginia (1979),443 U.S. 307, 319, 61 L.E.2d 560, 99 S.Ct. 2781.
 {¶ 8} Appellant contends that the prosecution in the instant case failed to adduce evidence to establish the necessary mensrea for the crime of felonious assault. R.C. 2309.11(A)(2) provides, inter alia, that no person shall "knowingly" cause or attempt to cause physical harm to another by means of a deadly weapon.[4] Appellant argues the prosecution failed to prove that he acted "knowingly" because the uncontroverted evidence revealed that he initially entered the house without the baseball bat. We disagree with appellant.
 {¶ 9} The culpable mental state at issue concerns the appellant's intent when he struck Brandon with the bat, not his intent when he first entered the home. "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." See R.C. 2901.22(B). Whether a person acts knowingly can only be determined, absent a defendant's admission, from the surrounding facts and circumstances, including the doing of the act itself. State v. Huff (2001), 145 Ohio App.3d 555, 563,763 N.E.2d 695; State v. Jones, Highland App. No. 04CA9,2005-Ohio-768, at ¶ 41; State v. Brown, Gallia App. No. 04CA3,2004-Ohio-5887, at ¶ 10. The uncontroverted evidence reveals that Brandon dropped his bat either before or during the fight, and that while unarmed, appellant struck him with a bat. We believe that a reasonable jury could conclude that appellant was aware that such conduct could cause physical harm.
 {¶ 10} Consequently, we find no merit in appellant's third assignment of error and it is hereby overruled.
 II {¶ 11} We now proceed to appellant's fourth assignment of error wherein appellant argues that his conviction is against the manifest weight of the evidence. Appellant points to the uncontroverted evidence that he did not initially enter the bedroom with a bat, but retrieved one after he observed that the victim had armed himself. Appellant further argues that Brandon "taunted" him on the phone that night and that the jury should have concluded that he retrieved the bat for self-defense. We are not persuaded.
 {¶ 12} Appellate courts should not reverse criminal convictions on grounds that they are against the manifest weight of the evidence unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Earle (1997), 120 Ohio App.3d 457, 473,698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368, 370-371,659 N.E.2d 814. Moreover, the weight to be given evidence, and the credibility to be afforded to witness testimony, are issues that the trier of fact must determine. See State v. Dye (1998),82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v. Frazier (1995),73 Ohio St.3d 323, 339, 652 N.E.2d 1000. A jury, as trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it. See State v. Long (1998),127 Ohio App.3d 328, 335, 713 N.E.2d 1; State v. Nichols
(1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80. The rationale for this proposition is that the jury is in a much better position to view witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to weigh witness credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610,615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, appellate courts do not generally second guess juries on matters of evidentiary weight and witness credibility. See e.g. State v. Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at ¶¶ 10; State v. Baker (Sep. 4, 2001), Washington App. No. 00CA9.
 {¶ 13} After our review of the evidence we believe that appellant's conviction is supported by the weight of the evidence. First, we find no evidence to indicate exactly what the victim said to appellant that night. Second, words alone do not generally (see our full discussion, infra) constitute serious provocation that may result in a sudden fit of rage. Third, appellant initiated the confrontation with the victim. Fourth, appellant had ample time to cool down during the long drive from Sciotoville to Jackson. As for the victim brandishing a bat when appellant walked into the bedroom, it is uncontroverted that appellant burst into the home and threatened to kill Brandon. The jury could have reasonably believed that Brandon grabbed the bat for his protection, not to threaten appellant.
 {¶ 14} Finally, appellant's argument that he grabbed the bat in self-defense is not supported by the evidence. Moreover, in light of the uncontroverted evidence of appellant's threats to kill Brandon, and considering the uncontroverted evidence that Brandon eventually dropped his bat but that appellant nevertheless continued to strike Brandon with his bat, the jury obviously and reasonably rejected any self-defense argument.
 {¶ 15} For these reasons, we find no merit to the claim that the conviction was against the manifest weight of the evidence and we hereby overrule appellant's fourth assignment of error.
 III {¶ 16} We jointly consider appellant's first and second assignments of error as they involve the issue of which appellant was entitled to have the jury instructed on R.C. 2903.12, aggravated assault, as a lesser included offense of felonious assault.[5]
 {¶ 17} We begin our analysis by noting that appellant cites nothing in the record to indicate that he either requested such a charge or that he objected to the absence of such a charge in the jury's instructions. Thus, appellant waived the issue.[6]
 {¶ 18} Appellant, however, argues that his trial counsel was constitutionally ineffective for failing to request an aggravated assault instruction. We disagree. Criminal defendants have the right to the effective assistance of counsel. McCann v.Richardson (1970), 397 U.S. 759, 770, 25 L.Ed.2d 763,90 S.Ct. 1441; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182. To obtain a reversal of a conviction on grounds of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998),82 Ohio St.3d 123, 139, 694 N.E.2d 916. Both prongs of theStrickland test need not be analyzed, however, if the claim can be resolved under one. See State v. Madrigal (2000),87 Ohio St.3d 378, 389, 721 N.E.2d 52. If the issue may be resolved on lack of prejudice grounds, that course should be followed. SeeState v. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082.
 {¶ 19} In the case sub judice, after our review of the trial transcript, we believe that even if trial counsel had requested an aggravated assault charge, appellant was not entitled to such an instruction. Aggravated assault contains elements identical to the felonious assault elements, except for the additional mitigating element of serious provocation. State v. Deem
(1988), 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph four of the syllabus. Thus, when a defendant presents sufficient evidence of serious provocation in a trial for felonious assault, the jury must be given an aggravated assault instruction. Id.; also see State v. Walker (Jun. 26, 2000), Ross App. No. 99CA2494;State v. Pack (Jun. 20, 1994), Pike App. No. 93CA525.
 {¶ 20} The pivotal question is whether sufficient evidence was adduced to establish a serious provocation. This "provocation" must be reasonably sufficient to bring on extreme stress, and must be reasonably sufficient to incite or to arouse a defendant into using deadly force. Deem, supra at paragraph five of the syllabus. In State v. Mack (1998),82 Ohio St.3d 198, 201, 694 N.E.2d 1328, the Ohio Supreme Court discussed sufficient provocation:
"First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. That is, the provocation must be `sufficient to arouse the passions of an ordinary person beyond the power of his or her control.' If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually was under the influence of sudden passion or in a sudden fit of rage.' We [have also held] that words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." (Citations omitted.)
Also see State v. Jacobs, Gallia App. No. 03CA24,2004-Ohio-3393, at ¶¶ 28-30; State v. Bryan, Gallia App. No. 03CA3, 2004-Ohio-2066, at ¶¶ 20-22.
 {¶ 21} Although appellant may have been under a fit of passion or rage when he burst into the premises that evening, nothing in the record satisfied the adequate provocation requirement. The testimony indicated that Brandon was simply visiting his children. Although Brandon spoke on the telephone during one of Misti's calls to appellant, there is no evidence to show what transpired during that call. Moreover, words alone do not generally constitute reasonably sufficient provocation.Mack, supra.
 {¶ 22} Appellant also asserts that Brandon's possession of the bat, "viewed objectively, amounted to a threat to attack him in his own home that "would arouse the passion of an ordinary person beyond his or her control." We are not persuaded. First, the claim that appellant was provoked into action by Brandon's possession of a baseball bat is belied by other evidence. The evidence reveals that appellant cut or disconnected the telephone line before he entered the house and threatened to kill Brandon. These actions do not appear to be the actions of a man who calmly entered a residence, but once inside was adequately provoked by someone who grabbed a baseball bat. Second, nothing in the record establishes that Brandon threatened appellant with a bat or made any other gesture, other than to assume a defensive posture. Even if the victim's possession of the bat could be construed as threatening, the uncontroverted evidence reveals that Brandon dropped the bat sometime after appellant reentered the bedroom (while armed with his bat). Thus, the threat ended. Finally, no evidence establishes that appellant was subjectively under the influence of a sudden passion or fit of rage. Indeed, in view of his decision to sever the telephone line and his threat to kill appellant, it appears that appellant anticipated and planned a confrontation before he entered the residence.
 {¶ 23} For these reasons, we conclude that appellant failed to adduce sufficient evidence of a serious provocation to entitle him to an aggravated assault jury instruction. Therefore, his trial counsel's failure to make such a request did not prejudice him and cannot support his claim of constitutionally ineffective assistance.
 {¶ 24} Accordingly, we hereby overrule appellant's first and second assignments of error.
 IV {¶ 25} Appellant argues in his fifth assignment of error that his sentence should be vacated under State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, and this case be remanded for re-sentencing. We agree.
 {¶ 26} The Ohio Supreme Court ruled in Foster, supra at paragraph one of the syllabus, that R.C. 2929.14(B)(C) and R.C.2929.19(B)(2) are unconstitutional. Sentences based on those statutory provisions must be vacated and the cases remanded for new sentencing hearings. Foster, supra at ¶ 103.
 {¶ 27} Although in the instant case the trial court did not expressly reference these statutes in either the February 21, 2006 sentencing entry, or at the sentencing hearing, the court did inform appellant at the hearing that it was "not restricted to a minimum sentence in this case based upon [his] prior prisonsentence." (Emphasis added.) This is sufficient to show that the court relied upon R.C. 2929.14(B)(1).[7] Accordingly, appellant's fifth assignment of error is hereby sustained.
 {¶ 28} Having overruled the first four assignments of error, we hereby affirm the appellant's judgment of conviction. However, having sustained the fifth assignment of error, we hereby vacate appellant's sentence and remand the case for a new sentencing hearing.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case remanded for further proceedings. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[2] Jennifer Webb testified that during the melee, she ran to a neighbors home and called the police.
[3] Gina Havell testified that appellant, expecting a fight with Brandon, took a bat from the back seat of the car before he went into the residence. The evidence is somewhat unclear, however, as to precisely what happened to the bat. Gina testified appellant left it on the porch before he entered the residence. Jennifer Webb testified appellant "threw down" the bat once he was inside the home. In any event, the evidence is uncontroverted that appellant first entered the back bedroom without the bat, saw that Brandon was armed and then retrieved the bat he brought with him from the car.
[4] Neither the indictment, the judgment of conviction nor the sentencing entry specify the precise R.C. 2903.11 subsection under which appellant was convicted. We presume, from the oral jury instruction, that subsection (A)(2) applies. We note, however, that the written jury instructions specify a different subsection and fail to specify that the physical harm, or the attempt to cause physical harm, must be by means of a deadly weapon. Inasmuch as this error was not raised on appeal, and considering that the trial court apparently gave a correct charge in its oral instructions, we disregard any irregularities in the trial court's written instructions.
[5] R.C. 2903.12(A)(2) provide that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly" cause or attempt to cause serious physical harm to another by means of a deadly weapon. (Emphasis added.) Technically, aggravated assault is not a lesser included offense of felonious assault, but rather an offense of "inferior degree." See State v. Jordan, Trumbull App. No. 2005-T-49, 2006-Ohio-3425, at ¶ 15, fn.1; State v.Pack (Jun. 20, 1994), Pike App. No. 93CA525.
[6] We also reject any contention that failure to give such an instruction constitutes plain error. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and then only to prevent a manifest miscarriage of justice. See State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240; State v. Hill (2001),92 Ohio St.3d 191, 196, 749 N.E.2d 274; State v. Landrum (1990),53 Ohio St.3d 107, 111, 555 N.E.2d 710. For the same reasons that we find no ineffective assistance of trial counsel on this issue, supra, we likewise are not persuaded that a manifest injustice occurred that prejudiced appellant and affect the outcome of this matter.
[7] R.C. 2929.14(B)(1) requires a court to impose the shortest possible prison term for an offense unless it finds, inter alia, that "[t]he offender was serving a prison term at the time of the offense, or the offender previously had served a prison term." (Emphasis added.)