JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Susan Smith (Smith), appeals her conviction for aggravated arson and arson. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On January 29, 2007, a Cuyahoga County Grand Jury indicted Smith with the following: one count of aggravated arson and one count of arson.
 {¶ 3} The facts giving rise to the instant case occurred on September 25, 2006, at approximately 6:52 p.m., at the Pearl Road Elementary School in Parma Heights, Ohio. At 6:44 p.m., the last member of the daytime staff left the building for the day.
 {¶ 4} Smith and her co-worker, Mary Ann Kelber (Kelber), were assigned to clean the building, and they were the only individuals remaining inside of the school. Smith and Kelber were assigned to work from 4:00 to 11:00 p.m. Smith was assigned to clean the first floor rooms and was instructed to make sure the windows and doors of the classrooms were locked as she exited. Kelber was assigned the same tasks on the second floor. Upon completion of a portion of her tasks on the first floor, Smith picked up two chairs that had just been repaired and took them to Kelber on the second floor.
 {¶ 5} Upon reaching Kelber, Smith asked if she smelled smoke. Kelber answered negatively and opened a window to determine if she could smell smoke from outside. Kelber did not detect any smoke. By the time Smith and Kelber went downstairs, however, smoke was readily apparent in the hallway. Kelber *Page 4 
called 911 at 6:51 p.m., and then waited with Smith at the door of the building for police and fire to arrive.
 {¶ 6} The Parma Heights Police and Fire Departments arrived at 6:55 p.m., and they determined that the fire was coming from classroom 105. The fire department determined that the fire came from a computer table located in the corner of the classroom. The computer table had two computers on top and multiple boxes of tissues stacked underneath as well as other paper combustibles. The fire department removed boxes of tissue that were burning and placed them outside to extinguish.
 {¶ 7} The fire department determined that the fire was not caused by an electrical malfunction or by spontaneous combustion. Rather, the fire department determined that the fire was intentionally set, although they determined that the perpetrator did not use an accelerate.
 {¶ 8} Further investigation revealed that the exterior and interior doors and windows were all secure, negating any possibility of intruders having caused the fire. Smith carried a lighter because she smoked cigarettes. Smith was also responsible for cleaning and locking classroom 105.
 {¶ 9} The fire department also documented a series of other fires in the building including: a fire in the library in either 2000 or 2001, a fire in an outdoor porta-potty on June 30, 2006, a trash can set on fire in the girls' *Page 5 
kindergarten restroom on August 25, 2006, and a fire set to envelopes in the front office on September 19, 2006.
 {¶ 10} On November 13, 2007, the case proceeded to a jury trial. On November 15, 2007, the jury found Smith guilty of aggravated arson and arson. On December 13, 2007, the trial court sentenced Smith to eighteen months of imprisonment for arson and five years of community control sanctions for aggravated arson to be served upon completion of the eighteen-month sentence. The trial court also ordered Smith to pay restitution in the amount of $25,760.73.
 {¶ 11} Smith appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NUMBER ONE
 "The jury's verdicts of guilty are not supported by the sufficiency of the evidence to sustain the convictions and are against the manifest weight of the evidence."
 {¶ 12} Smith argues that there lacks sufficient evidence to sustain her conviction, and that her conviction is against the manifest weight of the evidence.
 {¶ 13} In reviewing the sufficiency of the evidence, we held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any *Page 6 
rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421, quoting State v. Apanovitch (1987), 33 Ohio St.3d 19, 23. (Internal citations omitted.)
 {¶ 14} The Ohio Supreme Court set forth the following standard for evaluating a claim that a verdict is against the manifest weight of the evidence:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 15} We have held that, compared to the sufficiency of the evidence:
 "A challenge to the manifest weight of the evidence, on the other hand, attacks the credibility of the evidence presented. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence." State v. Ortiz, Cuyahoga App. No. 89952, 2008-Ohio-4120.
 {¶ 16} Aggravated arson, as charged, is set forth in R.C. 2909.02(A)(2) as follows: "No person, by means of fire or explosion, shall knowingly *** [c]ause physical harm to any occupied structure ***." *Page 7 
 {¶ 17} Arson, as charged, is set forth in R.C. 2909.03(A)(3) as follows: "No person, by means of fire or explosion, shall knowingly *** [c]ause, or create a substantial risk of, physical harm to *** a *** school building ***."
 {¶ 18} In applying the law to the facts of this case, we find that Smith knowingly caused physical harm to Pearl Road Elementary School, a school building. On September 25, 2006, Smith used her cigarette lighter to set fire to a combustible material in classroom 105. In doing so, Smith caused $25,760.73 in physical harm to Pearl Road Elementary School by fire.
 {¶ 19} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 20} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from the surrounding facts and circumstances, including the doing of the act itself." State v. Huff, 4th Dist. No. 06CA7, 2006-Ohio-5081. Here, Smith acted knowingly because, when applying her lighter to a combustible material, she knew that there existed a risk of physical harm to the school by fire.
 {¶ 21} Furthermore, an occupied structure is defined as: "[A]ny *** building ***, to which any of the following applies: *** [a]t the time, any person is present or likely to be present in it." R.C. 2909.01(C)(4). In the case sub judice, Kelber *Page 8 
was present in Pearl Road Elementary School when Smith began the fire and was therefore an occupied structure for purposes of R.C. 2909.02(A)(2).
 {¶ 22} Thus, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 23} Further, after reviewing the entire record, in weighing the evidence and all reasonable inferences, in considering the credibility of witnesses and in resolving conflicts in the evidence, we cannot find that the jury clearly lost its way and created a manifest miscarriage of justice.
 {¶ 24} Smith's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
 "The State of Ohio prejudiced the jury against the Defendant, and prohibited the Defendant from receiving a fair trial, by asking a police detective, over objection, to testify about plea discussions with the Defendant prior to her indictment."
 {¶ 25} Smith argues that testimony elicited from Detective Scharschmidt, which alluded to a possible plea agreement, prejudiced the jury against her.
 {¶ 26} We review the admission and exclusion of evidence upon an abuse-of-discretion standard. State v. Finnerty (1989),45 Ohio St.3d 104. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217. *Page 9 
 {¶ 27} Defense counsel objected to the testimony at issue, and the trial court instructed the jury as follows: "The jury will disregard that. That's not proper for us. You're here for this trial. Disregard that." (Tr. 222.) When the State raised the issue again, the trial court again instructed the jury: "And I told the jury to disregard." (Tr. 222.) Counsel for the State responded: "Thank you, your Honor." (Tr. 223.)
 {¶ 28} "Where a jury is cautioned and a correction is given to the jury, the effect of improper evidence may be cured." State v.Heinish (1990), 50 Ohio St.3d 231. Thus, any potential prejudice to Smith resulting from the jury's limited exposure to evidence of plea discussions was minimized by the trial court's curative instructions, and any prejudicial effect from the testimony was far outweighed by evidence of Smith's guilt.
 {¶ 29} "Moreover, mistrials are necessary only when the ends of justice so require and a fair trial is no longer possible." State v.Drummond (2006), 111 Ohio St.3d 14. Here, Smith was not denied a fair trial due to the State's isolated comment.
 {¶ 30} Smith's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
 "The Court committed reversible error by admitting evidence of prior fires at the Pearl Road School, over objection, when there were no charges filed concerning the prior fires, and the probative value of the evidence was outweighed by the prejudice created by admitting the evidence." *Page 10 
 {¶ 31} Smith argues that the trial court erred when it admitted evidence of prior fires at Pearl Road Elementary School.
 {¶ 32} As we already noted, we review the admission and exclusion of evidence upon an abuse-of-discretion standard. Finnerty at 107.
 {¶ 33} "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid. R. 403(A).
 {¶ 34} "Evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." State v. Lowe (1994), 69 Ohio St.3d 527; see, also, Evid. R. 404(B).
 {¶ 35} "Thus, while evidence of other crimes, wrongs or acts committed by the accused is not admissible to show that the accused has a propensity to commit crimes, it may be relevant to show: motive, intent, the absence of a mistake or accident, or a scheme, plan, or system in committing the act in question." State v. Dunham, 4th Dist. No. 04CA2931, 2005-Ohio-3642. "When other acts evidence is relevant for one of those limited purposes, the court may properly admit it, even though the evidence may show or tend to show the commission of another crime by the accused." Id. *Page 11 
 {¶ 36} Smith argues that testimony admitted regarding multiple fires that occurred at Pearl Road Elementary School was highly prejudicial and should have been excluded. Specifically, the trial court admitted testimony concerning the following fires: first, a fire set by juveniles sometime in 2000 or 2001 in the school library; second, a fire set by juveniles to an outdoor portable toilet on June 30, 2006; third, a fire set by an unknown person on August 25, 2006, to a trash can in a girls' restroom; fourth, a fire set by an unknown person on September 19, 2006, to envelopes found charred in the front office.
 {¶ 37} Regarding the school library fire that took place in 2000 or 2001, the testimony was clear that Smith was in no way associated with the fire, but rather, two juveniles caused the fire. Regarding the June 30, 2006 portable toilet fire, testimony was also clear that Smith was not associated with that fire either, but rather, juveniles caused the fire as well. In consideration thereof we cannot find that evidence of these fires was highly prejudicial to defendant. Error, if any, was harmless beyond a reasonable doubt because the record, regardless of these fires, contains overwhelming circumstantial evidence of Smith's guilt. State v. Smith (1983), 6 Ohio St.3d 281.
 {¶ 38} Further, evidence of the two trash can fires and of the charred envelopes demonstrate a common plan or scheme leading up to the fire in classroom 105 and, thus, the previous unexplained fires are relevant to Smith's *Page 12 
guilt. See State v. Grant (1993), 67 Ohio St.3d 465. Each of these prior fires took place in an area assigned to Smith.
 {¶ 39} Thus, we cannot find that the probative value of these fires is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury. Rather, the evidence tends to demonstrate a common plan or scheme.
 {¶ 40} As such, we cannot find that the trial court abused its discretion when it admitted evidence of prior fires at Pearl Road Elementary School.
 {¶ 41} Smith's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1