JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Anetria McDuffie ("appellant"), appeals her conviction for assault. For the reasons set forth below, we affirm.
 {¶ 2} On June 26, 2006, the Cuyahoga County Grand Jury indicted appellant on one count of assault on a peace officer, in violation of R.C. 2903.13(C)(3). She pled not guilty to the indictment.
 {¶ 3} The trial of this matter commenced on August 15, 2006. The state presented the following evidence.
 {¶ 4} Officer Margaret Doran testified that she investigated the accident in which appellant's daughter was struck by a motor vehicle. She arrived at the scene after the child's father, Edward Antonio Bunch, allegedly punched the driver of the vehicle. After Officer Doran calmed Bunch down, she ran his information through the police computer and discovered there were outstanding warrants for his arrest. During her conversation with Bunch, he indicated he knew Officer John Fore.
 {¶ 5} After leaving the scene of the accident, Officer Doran traversed to MetroHealth Hospital in an effort to interview appellant. While in transport, she contacted Officer Fore, told him of her conversation with Bunch, and requested his assistance at the hospital for safety reasons.
 {¶ 6} Officer Fore testified he received a phone call from Officer Doran that Bunch informed Doran that he was related to Fore. Officer Fore denies any relation to Bunch. Additionally, Officer Doran requested the assistance of Officer Fore and *Page 5 
his partner at MetroHealth Hospital.
 {¶ 7} Officer Fore, along with his partner, Officer Hadigan, arrived at the hospital at nearly the same time as Officer Doran. Upon arrival, Officer Fore approached appellant and calmly inquired as to the whereabouts of Bunch. Appellant immediately began screaming and yelling profanities. All three officers attempted to calm appellant, but were unsuccessful. Appellant continuously became more aggressive and called Officer Fore a racial slur.
 {¶ 8} Finally, after nearly fifteen minutes, Officer Fore announced he was arresting appellant and reached for her arms in an effort to place her in handcuffs. Officer Fore and Doran testified that as Fore reached to grasp appellant's arms, she backed away from him, bent down and intentionally bit his left forearm. Indentations were apparent on Officer Fore's forearm. When the officers eventually were able to handcuff appellant, they transported her down the hall and she was placed in a police vehicle.
 {¶ 9} Matthew Mangino confirmed the majority of the officers' testimony. The only part of his testimony that differed was that appellant intentionally bit Officer Fore when she was on the ground with one of her arms already behind her back.
 {¶ 10} Detective Balik conducted the interview of appellant as a result of the incident. He testified that, during the interview, appellant admitted she bit the officer and was out of control.
 {¶ 11} At the conclusion of the state's evidence, appellant moved for acquittal, *Page 6 
pursuant to Crim.R. 29(A). The trial court denied her request and she proceeded to testify on her own behalf.
 {¶ 12} Appellant stated that she accompanied her daughter to the emergency room after she had been struck by a motor vehicle. As appellant was waiting, Officer Fore approached her asking the whereabouts of Edward Bunch. In response, appellant became irrate and cursed at the officer. She explained that she was upset that he was not interested in the person who hit her daughter. Appellant then testified that Officer Fore became irrate, yelling at her and calling her racial slurs. Appellant maintained that she only began yelling and calling him racial slurs in response to his tirade.
 {¶ 13} Sometime thereafter, appellant stated that Officer Fore grabbed her by the neck and arrested her. Then two officers threw her down on the floor and dragged her out of the hospital. While she admitted that she was fighting the arrest prior to her being directed to the floor, she denied biting the officer.
 {¶ 14} Misty Sizemore, the girlfriend of appellant's brother, testified that she was at the hospital with her mother and appellant when Officer Fore arrived and asked appellant the location of Bunch. Appellant refused to answer. Officer Fore then began speaking louder. Sizemore testified that at no time did appellant speak loudly or aggressively towards the officer, utter any profanity, or call any officer a racial slur. Sizemore then witnessed the officer grab appellant's arms, push her to the ground and arrest her. Sizemore did not see appellant bite Officer Fore. *Page 7 
 {¶ 15} Loretta Taylor, the mother of Sizemore, testified that she was present at MetroHealth when the incident occurred. She confirmed that Officer Fore approached appellant asking the whereabouts of Bunch and that appellant refused to answer. Taylor then testified that when the officer repeated his question, appellant began yelling and using profanities. Taylor stated that the officer responded by also uttering profanity. She then witnessed the officer grab appellant. At that time, she fled to the waiting room to retrieve appellant's brother. When she returned, the officers had appellant on the ground. Taylor did not see appellant bite Officer Fore.
 {¶ 16} The appellant then rested her case and renewed her motion for acquittal, which was again overruled.
 {¶ 17} On August 18, 2006, the jury returned a guilty verdict as to the sole count of assault, rather than the charge in the indictment of assault on a peace officer because it determined that Officer Fore was not in the performance of his official duties at the time of the crime. Accordingly, appellant was found guilty of a misdemeanor of the first degree. Thereafter, the trial court sentenced appellant to a six-month jail term.
 {¶ 18} Appellant now appeals and asserts three assignments of error for our review. Appellant's first assignment of error states:
 {¶ 19} "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a *Page 8 
conviction."
 {¶ 20} Motions for judgments of acquittal are governed by Crim.R. 29(A) which states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 21} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The motion "should be granted only where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394.
 {¶ 22} Viewing the evidence in a light most favorable to the state, we find that the state presented sufficient evidence that appellant committed an assault upon Officer Fore. R.C. 2903.13 defines assault in pertinent part as follows:
 {¶ 23} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." *Page 9 
 {¶ 24} The state presented sufficient evidence that appellant, by bending over towards the officer's arm and biting him, clearly intended to cause physical harm to Officer Fore. Officer Fore, Officer Doran and Matthew Mangino testified that they witnessed appellant struggle after being told she was under arrest, lean over and bite Fore on the arm. The bite was strong enough to leave indentation marks. Furthermore, Officer Fore was medically treated to clean the wound. Additionally, Officer Fore testified in regard to the bite in the following manner, "Well, she clamped on, yes, because I had to pull my arm away. Just didn't happen like an accident. * * * If you want to say it was something like spontaneous, no. * * * Wasn't no reflex. She went and bit me." Finally, Detective Balik testified that appellant confessed to him that she bit Officer Fore and was out of control. In viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found appellant guilty of assaulting Officer Fore beyond a reasonable doubt.
 {¶ 25} Appellant argues that there is insufficient evidence to support a conviction for assault because Officer Fore caused the confrontation. We disagree. Officer Fore, Officer Doran and Matthew Mangino testified that appellant caused the confrontation. Even appellant's own witness, Loretta Taylor, admitted that appellant immediately began yelling and using profanities at Officer Fore when he asked about the whereabouts of Bunch. Accordingly, there was sufficient evidence contradicting this assertion. *Page 10 
 {¶ 26} Likewise, we find appellant's argument that the evidence was insufficient to convict appellant of assault because Officer Fore was at the hospital for personal reasons rather than law enforcement purposes without merit. Appellant was convicted of assault, not assault on a peace officer. Thus, the reason for Officer Fore's presence at the hospital is irrelevant. The fact that Officer Fore was not at the hospital for law enforcement purposes does not dispel the fact that appellant intentionally bit him.
 {¶ 27} Finally, appellant maintains that she was defending herself against Officer Fore when she bit him. At the trial of this matter, however, appellant denied biting Officer Fore and presented no evidence in support of a self-defense claim. Accordingly, appellant's argument is without merit. Her first assignment of error is overruled.
 {¶ 28} Appellant's second assignment of error states:
 {¶ 29} "Appellant's conviction is against the manifest weight of the evidence."
 {¶ 30} In State v. Thompkins, 78 Ohio St.3d at 387, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 31} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established *Page 11 
before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 32} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Id., citingTibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 33} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 34} Within this assignment of error, appellant argues that her conviction was against the manifest weight of the evidence because the state failed to present credible evidence that she committed an assault on Officer Fore and that Officer Fore was the aggressor.
 {¶ 35} In this matter, we cannot conclude that the jury lost its way. As previously stated, Officer Doran, Officer Fore and Matthew Mangino witnessed appellant bite Officer Fore on the forearm so hard that it left indentation marks. As a *Page 12 
result of the attack, Fore received treatment to his wound. Additionally, these individuals testified that appellant was the instigator, not Officer Fore. Even appellant's own witness, Loretta Taylor, admitted that appellant immediately began yelling and using profanities at Officer Fore when he asked about the whereabouts of Bunch.
 {¶ 36} The only individuals to testify that Officer Fore was the aggressor were appellant and her friend, Misty Sizemore. Her testimony conflicted with all the other witnesses' testimony, even appellant's, that appellant was using profanity and racial slurs during the incident. Weighing all the evidence and all reasonable inferences, we find that the jury could reasonably conclude that appellant committed an assault upon Officer Fore. Accordingly, appellant's second assignment of error is without merit.
 {¶ 37} Appellant's third assignment of error states:
 {¶ 38} "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth [A]mendments when counsel failed to request a jury instruction on self-defense."
 {¶ 39} In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. at 667; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that *Page 13 
counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at paragraph two of the syllabus; see, also, Strickland, supra, at 687.
 {¶ 40} A defendant has the burden of proving ineffective assistance of counsel and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance. State v. Smith (1985),17 Ohio St.3d 98, 100, 477 N.E.2d 1128. As the Strickland court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. at 689; see, also,State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
 {¶ 41} In the instant matter, appellant argues that defense counsel was ineffective because he failed to request an instruction on self-defense. We find appellant's argument without merit.
 {¶ 42} To support an instruction on self-defense, an accused must prove by a preponderance of the evidence the following elements prescribed in State v. Robbins (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, at paragraph two of the syllabus:
 {¶ 43} "(1) the slayer was not at fault in creating the situation giving rise to the *Page 14 
affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger."
 {¶ 44} If any of the aforementioned elements failed to be established, one cannot sustain a claim of self-defense. State v. Jackson (1986),22 Ohio St.3d 281, 284, 490 N.E.2d 893.
 {¶ 45} In the instant matter, the evidence presented at trial does not support a claim of self-defense. First, as iterated in the previous assignments of error, the manifest weight of the evidence establishes that appellant created the situation giving rise to the altercation. Officer Doran, Officer Fore and Matthew Mangino testified that appellant was the instigator, not Officer Fore. Even appellant's own witness, Loretta Taylor, admitted that appellant was the first to yell and use profanities.
 {¶ 46} Second, no evidence establishes that appellant believed she was in imminent danger of death or great bodily harm that mandated the use of force to escape danger. The manifest weight of the evidence demonstrates that, after appellant continuously became more aggressive by using profanity and racial slurs, Officer Fore announced he was arresting her. He then attempted to grab her arm to perform the arrest. In response, appellant pulled her arm back, bent down and bit Fore in the arm. Thus, the self-defense instruction would have been futile in this *Page 15 
case.
 {¶ 47} Finally, Officer Doran, Officer Fore, Matthew Mangino and Loretta Taylor testified that each of them attempted to calm appellant and deter escalation of the altercation. Instead, appellant ignored these individual's requests and increasingly became more aggressive. Accordingly, appellant presented no evidence suggesting avoidance of the alleged danger in any way.
 {¶ 48} Appellant is unable to prove the elements of self-defense by a preponderance of the evidence. Accordingly, any jury instruction of self-defense would have been futile. As a claim of ineffective assistance of counsel cannot be based upon a matter which does not constitute an error, State v. Getsy, 84 Ohio St.3d 180, 188,1998-Ohio-533, 702 N.E.2d 866, we find that trial counsel was not ineffective for failing to request an instruction on self-defense. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, P.J., and MARY J. BOYLE, J., CONCUR *Page 1