JOURNAL ENTRY AND OPINION
{¶ 1} On May 24, 2006, a Cuyahoga County Grand Jury indicted defendant-appellant Jermaine Williams ("Williams") on one count of aggravated burglary, one count of kidnapping, and one count of aggravated theft, each with one-and three-year firearm specifications.
 {¶ 2} On August 16, 2006, the case proceeded to a joint jury trial in which his brother, Roy Williams ("Roy"), was also tried as a codefendant. On August 22, 2006, the jury found Williams not guilty of aggravated burglary, guilty of kidnapping with one-and three-year firearm specifications, and guilty of misdemeanor theft with one-and three-year firearm specifications.
 {¶ 3} On September 21, 2006, the trial court sentenced Williams to six years of imprisonment. The trial court merged all firearm specification convictions and sentenced Williams to three years of imprisonment, to be served prior and *Page 3 
consecutive to the remaining sentence. The trial court thereafter sentenced Williams to three years of imprisonment for kidnapping and six months of imprisonment for misdemeanor theft, with the theft sentence to run concurrent to Williams' three-year sentence for kidnapping.
 {¶ 4} The events giving rise to the case sub judice occurred on March 31, 2006, in which Williams and his brother Roy, brandishing guns, entered the residence of Jeffrey Duke ("Duke"), Jesse Leffew ("Leffew"), and Steve Leffew ("Steve"), located at 6346 Meadowbrook Road, Garfield Heights, Ohio. Only Duke and Leffew were present on March 31, 2006. Williams and Roy bound Duke and Leffew with cords and dog leashes. Williams and Roy then removed $750 from Duke's safe, located on the second floor, and also took Duke's X-Box video game player, twenty-three X-Box video games, and his cellular phone before leaving. Leffew was able to free himself and ran next door to his neighbor and friend John Kornet ("Kornet") for help. Kornet and Leffew returned to 6346 Meadowbrook Road, freed Duke from the cords and leashes and contacted the police.
 {¶ 5} Two days later, police officers identified the brothers at a bus stop in Euclid, Ohio, and approached them. Williams fled the scene and was apprehended shortly thereafter. Roy admitted to possessing a firearm during a pat-down and was arrested. Police believed the firearm to be the one used on March 31, 2006, against Duke and Leffew.
 {¶ 6} Williams timely appeals, raising four assignments of error. *Page 4 
 {¶ 7} ASSIGNMENT OF ERROR NUMBER ONE
 "The Appellant was denied Due Process of law in violation of his Ohio and United States Constitutional rights because the trial court erred in denying Appellant's motion for acquittal when the state failed to present sufficient evidence of criminal activity."
 {¶ 8} Specifically, Williams argues that the State failed to present evidence that Williams committed kidnapping because the jury did not find that he committed the underlying felony theft. We disagree.
 {¶ 9} Crim.R. 29(A), which governs motions for acquittal, states:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 10} Furthermore, in reviewing the sufficiency of the evidence, this court held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Page 5 
The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421. (Internal citations omitted.)
 {¶ 11} R.C. 2905.01 delineates the crime of kidnapping as charged:
 "(A) No person, by force, threat, or deception, * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 * * *
 (2) To facilitate the commission of any felony or flight thereafter."
 {¶ 12} Williams contends that since he was not convicted of felony theft, but of misdemeanor theft, the evidence is insufficient to convict him of kidnapping. Williams argues that because kidnapping requires that the act be committed with the purpose of facilitating the commission of a felony, the trial court erred in denying his motion for acquittal. We disagree.
 {¶ 13} The evidence adduced at trial reveals that Williams and his brother, after binding Duke and Leffew with cords and dog leashes, stole $750, an X-Box video game player, twenty-three X-Box video games and a cellular phone. In viewing said evidence in a light most favorable to the State, we find that there exists sufficient evidence that Williams committed kidnapping as set forth in R.C. 2905.01.
 {¶ 14} Additionally, the Ohio Supreme Court held that "[inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of *Page 6 
guilt." State v. Hicks (1989), 43 Ohio St.3d 72. See, also, State v.Williams, Cuyahoga App. No. 87218, 2006-Ohio-5325. Thus, Williams' conviction for kidnapping should not be overturned because of the jury's verdict as to theft.
 {¶ 15} Williams' first assignment of error is overruled.
 {¶ 16} ASSIGNMENT OF ERROR NUMBER TWO
 "Whether the Appellant was denied Due Process of law in violation of his Ohio and United States Constitutional rights when the trial court sentenced him to mandatory prison time pursuant to R.C. 2929.14(D) and R.C. 2941.141 and 2941.145
(Firearm Specifications) when the underlying offense is a misdemeanor."
 {¶ 17} Williams argues, and the State of Ohio concedes, that the trial court improperly sentenced Williams for the one-year firearm specification and a three-year firearm specification attached to the theft charge because each specification is attached to an underlying misdemeanor conviction and not a felony conviction. We agree. R.C.2953.08 states in part:
 "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 * * *
 (4) The sentence is contrary to law."
 {¶ 18} The jury found that Williams had a firearm on or about his person or under his control while committing kidnapping and theft, in violation of R.C. 2941.141. The jury also found that Williams displayed, brandished, or indicated that *Page 7 
he possessed the firearm, or used it to facilitate his offenses, kidnapping and theft, in violation of R.C. 2941.145.
 {¶ 19} However, R.C. 2929.14(D)(1)(a) imposes sentences for firearm specifications only where the underlying offense is a felony. Thus, the trial court properly sentenced Williams to three years of imprisonment for the firearm specifications attached to his kidnapping charge. However, the trial court improperly sentenced Williams to three years of imprisonment for the firearm specifications attached to Williams' misdemeanor theft conviction. As such, Williams' sentence is contrary to law.
 {¶ 20} We vacate Williams' one-and three-year sentences for the firearm specifications attached to the misdemeanor theft. As the trial court merged all firearm specification sentences, our finding does not alter Williams' sentence. Williams will continue to serve his six years of imprisonment as imposed by the trial court.
 {¶ 21} Williams' second assignment of error is sustained.
 {¶ 22} ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court committed prejudicial error by admitting `other acts' testimony in violation of R.C. 2945.59, Evid.R. 404(B), and Appellant's rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution."
 {¶ 23} Williams argues that the trial court erred in admitting "other acts" testimony from the arresting officer. We disagree. *Page 8 
 {¶ 24} Williams alleges that during trial, evidence of other acts was admitted and improper. First, Williams relies on testimony that Roy possessed a small black semi-automatic firearm upon arrest. Second, Williams cites to testimony that Williams possessed marijuana upon arrest.
 {¶ 25} First, because Williams did not object to testimony elicited from the arresting officer, Officer Sawyer ("Sawyer"), that Roy possessed a small black semiautomatic firearm upon arrest, we review for plain error. State v. Moreland (1990), 50 Ohio St.3d 58. "Therefore, we must determine (1) whether there was error in the first place; if so, (2) whether the error is an obvious defect in the trial proceedings; and (3) whether the error affected the outcome of the trial." State v.Jones, Mahoning App. No. 05 MA 218, 2007-Ohio-3183.
 {¶ 26} Evid.R. 404(B) states:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 27} Evid.R. 404(B) requires that the trial court exclude evidence of other acts but also provides an exception where the evidence sought to be introduced goes to identity. Here, Sawyer's testimony that Roy, standing next to Williams, possessed a small black firearm upon arrest goes directly to the identity of the two brothers that victimized Duke just two days prior. Therefore, it was not error to admit evidence that Roy possessed a small black firearm upon arrest. *Page 9 
 {¶ 28} Second, we review testimony that Williams possessed marijuana upon arrest. On the morning of trial, August 7, 2006, Williams made an oral motion in limine to exclude testimony that, upon arrest, he possessed marijuana. The trial court overruled Williams' oral motion in limine:
 "MR. MAGEE [counsel for Williams]: I'm not objecting to that being used against my client. I'm raising the objection, why bring up my client was arrested for the marijuana —
 THE COURT: He just conceded if your guy is not taking the stand, they'll leave out the basis of the arrest being for the marijuana. Isn't that what I heard you say, Mr. Zarzycki?"
 MR. ZARZYCKI [prosecutor]: That's correct.
 {¶ 29} Thus, the trial court overruled Williams' motion in limine because the prosecution agreed not to mention Williams' possession of marijuana.
 {¶ 30} Thereafter, the case proceeded to a jury trial, and defense counsel for Roy questioned Sawyer regarding the defendants' possession of marijuana at the time of his arrest. Williams' counsel failed to object to this line of questioning. The trial court then noted, on the record, that Roy's counsel opened the door to the line of questioning as to drug possession, that counsel for Williams made no objection and, as such, she would admit the testimony.
 {¶ 31} Pursuant to Moreland, we must review admission of testimony regarding the party's drug possession upon arrest for plain error because Williams' counsel *Page 10 
did not object to the above testimony. Here, we cannot find that Sawyer's testimony was used to show the defendant's bad character because the testimony was elicited by defense counsel for Roy, and not by the prosecution. Thus, pursuant to Moreland, the statements do not amount to error.
 {¶ 32} Additionally, even if it was error to admit Sawyer's testimony regarding drug possession, the admission does not rise to the level of plain error. The jury convicted Williams of felony kidnapping and misdemeanor theft. Conversely, the jury found Williams not guilty of felony burglary and also found that Williams' act of theft did not constitute a felony as charged. If the jury had used Sawyer's testimony of drug possession as evidence of bad character, then it would have found Williams guilty of all crimes as charged. Thus, pursuant toMoreland, admission of testimony regarding Williams' drug possession was not plain error.
 {¶ 33} Williams' third assignment of error is overruled.
 {¶ 34} FOURTH ASSIGNMENT OF ERROR
 "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 35} Williams argues that his kidnapping conviction is against the manifest weight of the evidence. We disagree.
 {¶ 36} According to the Ohio Supreme Court:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and *Page 11 
determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 37} Pursuant to the aforementioned case law, and in applying the facts on the record to R.C. 2905.01, we find that there exists substantial evidence for the trier of fact to find Williams guilty of kidnapping beyond a reasonable doubt.
 {¶ 38} Williams argues that his kidnapping conviction is against the manifest weight of the evidence in light of the following: the seriousness of the offenses charged, the possibility that identification of the suspects in this case was tainted, and admission of unrelated "other acts" drug and firearm evidence.
 {¶ 39} First, the seriousness of the charged offenses alone does not give rise to Williams' kidnapping conviction being against the manifest weight of the evidence.
 {¶ 40} Second, Williams argues that the identification of Williams and Roy as the perpetrators of the crimes charged was tainted. However, Williams makes no argument as to which identifications are tainted and how the identifications are tainted. In review of the record, we cannot find any evidence of tainted identification.
 {¶ 41} Lastly, we note that pursuant to our ruling on Williams' third assignment of error, admission of the firearm and drug possession evidence was proper. In *Page 12 
reviewing said evidence, we cannot find that admission thereof gives rise to Williams' conviction being against the manifest weight of the evidence.
 {¶ 42} Williams' fourth assignment of error is overruled.
 {¶ 43} Judgment is affirmed in part and reversed in part.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A ROCCO, J., CONCUR. *Page 1