JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Tamer El-Berri (El-Berri) appeals his convictions for rape and kidnapping. For the following reasons, we affirm in part, reverse in part and remand.
 {¶ 2} On January 4, 2006, a Cuyahoga County Grand Jury indicted El-Berri on one count of kidnapping with a sexual motivation specification attached and one count of rape.
 {¶ 3} The facts giving rise to the instant case occurred in the late evening on December 22, 2004. The sixteen-year-old victim worked at El-Berri's cellular phone business located at Great Northern Mall. There was a heavy snowfall that night and, at the close of the victim's shift, El-Berri offered to drive the victim home as she lacked experience driving in snow storms. Brenda Carmak (Carmak), the victim's mother, consented because El-Berri and his girlfriend, Nicolet Arcuri (Arcuri), were family friends.
 {¶ 4} On the night in question, instead of taking the victim directly home, El-Berri drove past her exit and went to his home. While there, El-Berri proceeded to remove the victim's clothes, forced her over the couch, and engaged in vaginal intercourse with her against her will.
 {¶ 5} The victim arrived home later that evening via taxi cab because El-Berri's motor vehicle became stuck in the snow. Carmak described the victim as *Page 4 
looking "white as a ghost, scared to death." The victim told Carmak that El-Berri raped her. Carmak took the victim to the hospital where vaginal swabs confirmed the presence of seminal fluid, although testing was unable to produce a male DNA profile.
 {¶ 6} On January 2, 2007, the case proceeded to jury trial. On January 11, 2007, the jury returned its verdict and found El-Berri guilty of kidnapping with a sexual motivation specification and guilty of rape.
 {¶ 7} On February 1, 2007, the trial court sentenced El-Berri to seven years of imprisonment for kidnapping and seven years of imprisonment for rape, counts to be served concurrently. The trial court also conducted a House Bill 180 hearing and designated El-Berri a sexually oriented offender.
 {¶ 8} On February 26, 2007, El-Berri filed a notice of appeal and asserted four assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence against Appellant."
 {¶ 9} El-Berri argues that the trial court erred when it denied his Crim. R. 29 motion for acquittal.
 {¶ 10} Crim. R. 29 (A), which governs motions for acquittal, reads as follows:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses *Page 5 charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 11} Furthermore, in reviewing the sufficiency of the evidence, this court held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421. (Internal citations omitted.)
 {¶ 12} El-Berri argues that the State failed to present evidence of rape as set forth in R.C. 2907.02(A)(2). R.C. 2907.02(A)(2) delineates the crime of
rape, as charged: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 13} El-Berri and the victim engaged in sexual conduct as defined in 2907.01(A):
 "`Sexual conduct' means vaginal intercourse between a male and female * * *; and, without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." *Page 6 
 {¶ 14} The victim testified, "He put his penis in my vagina." (Tr. 293.) Furthermore, vaginal and rectal swabs collected from the victim revealed the presence of seminal fluid.
 {¶ 15} Pursuant to R.C. 2907.02(A)(2), there is sufficient evidence that El-Berri purposely compelled the victim to submit by force. The victim's testimony included: she did not consent to having sexual intercourse with El-Berri; El-Berri removed her clothes; he forced her onto the couch; and El-Berri engaged in vaginal intercourse with her against her will. Force "need not be overt and physically brutal, but can be subtle and psychological" depending on the age of the victim and relationship to the parties. State v. Eskridge (1988), 38 Ohio St.3d 56,58-59. (Further holding that, "as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.") Id. at 59. Other witnesses, who observed the victim shortly after the incident, described that "[s]he looked white as a ghost, scared to death."
 {¶ 16} At the time of the offense, the victim was a sixteen-year-old minor child, while El-Berri was fifteen years her senior. In addition, El-Berri was the victim's employer and a family friend, whereby a factfinder could determine that he occupied a position of authority over the victim. Indeed, the evidence shows that the victim (and her mother) entrusted El-Berri to drive her home because of a heavy snow storm and her lack of experience with driving. Instead of taking *Page 7 
her home, El-Berri took the victim to his house, where he subjected her to sexual intercourse and then sent her home in a taxicab.
 {¶ 17} The victim also stated that she was very scared and that she didn't know what El-Berri was going to do to her. She clearly testified that she did not want to have any kind of sexual relations with El-Berri that night. (Tr. 308.) Under the sufficiency standard, we are bound to accept that testimony as true and simply cannot reverse a conviction for insufficiency by disregarding or disbelieving evidence. The weight and credibility of that testimony was for the trier of fact to decide.
 {¶ 18} The dissent's comprehensive survey of the record and weighing of the evidence reflects a manifest weight analysis, rather than one of sufficiency. In essence, the dissent concludes that absent some overt evidence of resistance a rape could not have occurred between a thirty-one-year-old employer and his sixteen-year-old employee. But to reach this conclusion, the dissent rejects the reasonable inference that the victim submitted because she was, as she said, "scared." El-Berri's position of authority as her boss and the disparity in their ages cannot be discounted where the law is that the "force and violence necessary to commit the crime of rape depends on the age, size, and strength of the parties and their relation to each other." Eskridge, at paragraph one of the syllabus. While the dissent advances a strong argument for reaching a different conclusion on these points than the jury did, it is not within our province to *Page 8 
weigh and resolve these facts when conducting a sufficiency analysis. The record also supports El-Berri's conviction for kidnapping under R.C. 2905.01(A)(4) with a sufficiency of the evidence, which provides that no person, "by force, threat, or deception," shall "remove another from the place where the other person is found or restrain the liberty of the other person" to engage in sexual activity against the victim's will.
 {¶ 19} The dissent finds insufficient evidence in that the victim's initial agreement to the detour and that he asked her permission to stop at his home as being dispositive of the kidnapping by deception charge. It seems unlikely there would be a case where a person accused of kidnapping someone by deception would have explicitly advised the victim of such an intent, nor would the unwitting victim's initial agreement to the detour alter an undisclosed, subjective ill-intent. Although the victim willingly allowed El-Berri to drive her home, he did not do so. Instead, he took her to his house for the alleged purpose of getting "something." Given the course of events that ensued, a rational trier offact could glean from the evidence that El-Berri's true purpose was not to get anything, but to lure the victim to his house in order to engage in sexual activity with the victim against her will. See, e.g.,State v. Ware (1980), 63 Ohio St.2d 84; State v. Williams (May 22, 1980), Cuyahoga App. No. 41378; see, also, R.C. 1.42, R.C. 2913.01(A) Accordingly, there is evidence from which a rational trier of fact could conclude that El-Berri committed kidnapping by deception. There is *Page 9 
also evidence that El-Berri used force to restrain the victim when he bent her over the couch in order to engage in sexual intercourse with her. Further, in viewing the evidence in a light most favorable to the State, there is sufficient evidence to sustain El-Berri's conviction for rape and kidnapping. Thus, the trial court did not err when it denied El-Berri's Crim. R. 29 motion for acquittal.
 {¶ 20} El-Berri's first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO
 "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 21} El-Berri argues that his convictions are against the manifest weight of the evidence.
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 22} We incorporate our application of the law to the facts of this case as set forth in El-Berri's first assignment of error. As such, in reviewing the entire record, in weighing the evidence and all reasonable inferences, in considering the credibility of the witnesses, and in resolving conflicts in the evidence, we cannot find that the jury clearly lost its way when it convicted El-Berri of rape. *Page 10 
Regarding El-Berri's conviction for kidnapping, we find the same.
 {¶ 23} El-Berri's second assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court erred by ordering convictions and a sentence for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14."
 {¶ 24} El-Berri argues that the trial court erred when it sentenced him for both rape and kidnapping because rape and kidnapping are allied offenses of similar import.
 {¶ 25} R.C. 2941.25 pertains to allied offenses of similar import and reads as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 26} The Ohio Supreme Court directs that the determination of allied offenses be decided upon whether the offenses correspond to such a degree that the commission of one crime resulted in the commission of the other, rather than *Page 11 
a strict textual comparison of statutory elements. State v.Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, at ¶ 25-26.
 {¶ 27} In Cabrales, the court continued to recognize that rape and kidnapping can be considered allied offenses. Id. at ¶ 25, citingState v. Adams, 103 Ohio St.3d 508, 2004-Ohio-5845, at ¶ 89-95
(kidnapping and rape are allied offenses).
 {¶ 28} "Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions." State v.Logan (1979), 60 Ohio St.2d 126, at paragraph (a) of the syllabus. In Logan, the court reasoned, "the primary issue, however, is whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense." Id. at 135.
 {¶ 29} In this case, the evidence does not establish a separate animus between the kidnapping and rape counts that would demonstrate an independent significance for each of the offenses. Accordingly, these counts are allied offenses and the kidnapping conviction merges with the rape conviction. The kidnapping conviction is vacated and the matter must be remanded for *Page 12 
proceedings consistent with this opinion and for resentencing.
 {¶ 30} El-Berri's third assignment of error is sustained.
ASSIGNMENT OF ERROR NUMBER FOUR
 "The trial court erred by ordering appellant to serve more than the minimum sentence."
 {¶ 31} This assignment of error is rendered moot by our disposition of the third assignment of error and is accordingly overruled.
 Judgment affirmed in part, reversed in part and remanded for proceedings consistent with this opinion and for resentencing.
 It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
 It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., CONCURS
MELODY J. STEWART, J., DISSENTS (SEE DISSENTING OPINION)