Lane, C. J.
This is a creditor’s bill, to discover and set aside fraudulent conveyances, and procure the satisfaction of judgments which the plaintiffs have recovered, by subjecting property, real and personal, to execution, dr to obtain, an account of moneys and assets, in the hands of fraudulent alienees.
The papers in the case have become voluminous, and it will hereafter deserve an extended and patient investigation. It was reserved, not to make this examination at this time, but to decide the general principles in relation to the liabilities to creditors of a fraudulent holder of another’s property.
The bill charges Holdridge with having conveyed his property to Bailey, for the purpose of placing it beyond the reach of his creditors, and that Bailey has sold the land to-others. We do not undertake, at this time, to determine definitely the facts of the case; but to adjudicate upon the questions intended to be reserved, we assume for present purposes, that Bailey received a conveyance of this property to defraud the creditors of Holdridge, and that he has sold it to innocent purchasers, for a valuable consideration, without notice.
It has been so often held, in the courts of this state, that a fraudulent alienee may make a good title to an innocent purchaser, that we take that point for granted, without *dis- [231 cussion. It is claimed, however, by the plaintiff, that the recipient of a fraudulent .title becomes a trustee of creditors, and is not permitted to lay down the responsibility, which the law fastens upon him, without justly accounting with the lawful creditors for whom *232 he holds the estate; that whatever may have become of the property, the cestui que trust may demand its value from him, if ha has placed it beyond the reach of the law.
But, in our opinion, the proposition is too broad to be adopted in this general form. Although, where one man combines with another to cheat a third, an action at law may be sustained, and damages recovered, the jurisdiction of chancery in frauds does not extend so far as to a mere case for damages. -The chancellor, under this general power, in cases of fraud, acts only to remove some legal obstacle, or to pursue a fund, or to restore a right lost at law, but not to give mere damages. It is not, then, upon thiff ground that a court of equity will entertain jurisdiction against the recipient of a fraudulent title.
An honest man will not take a fraudulent conveyance. If a man holds property fraudulently conveyed, as soon as he comes to a sense of his moral duty, he will restore it to those to whom it belongs ; he ought to give it back to him from whom he received it, that it may be applied to his debts if wanted, or to his benefit if not necessary for this purpose. The law to discourage frauds, does not compel him to restore it to the fraudulent grantor; yet no man will retain it for a moment who desires the reputation of honesty, or possess the sense of justice.
The relations between him and the creditors of the debtor are different. There are no express obligations between them; no promise to be aecountáible to them ; no obligation to restore to them; but the creditor ought to receive his debt, and the law gives him a claim to the property, and it charges the iraudulent holder as a trustee, in consequence of his possession. The trust is not express— created by contract; but it arises by operation of law, in conse282] quenco of his having in his hands 'Hhat which ought to be applied to the satisfaction of the creditor’s debt. It depends,' therefore, on the possession of the property. The character of cestui que trust does not belong to the general creditor until ho has shown himself entitled to the debtor’s property by the recovery of a judgment. And if the fraudulent holder has, in good faith, divested himself of that which he could not retain without dishonesty, before the right of the creditor has accrued, there is nothing remaining upon which to raise a trust, and the relation of trustee to anybody subsists no longer.
The court will lend to the judgment creditor any aid in their *233 power, to reach the property of his debtor in the hands of his fraudulent alienee, or to subject any debts, securities, rights, equities, or choses in action within his power, and will exact a rigorous account of the disposition of anything he may have fraudulently received ; but if he has honestly parted with what he fraudulently received, before the rights of the creditor are fixed by judgment and the filing of his bill, he must be exonerated from further liability. How far such taker may incur liabilities, in a suit at law, for a fraudulent combination, we need not now decide.
E. Wade and Whittlesey, for the plaintiffs.
Newton and Bayley, for the defendants.