JOURNAL ENTRY and OPINION
{¶ 1} A jury found defendant Ron Hope guilty of two counts of robbery in connection with an incident in which he and codefendant Mark Magwood stopped two passing pedestrians and, as Magwood gestured so as to indicate that he carried a gun, tried to rob them. In his sole assignment of error, Hope argues that the verdict was against the manifest weight of the evidence because the state failed to show that he acted in complicity with Magwood.
 {¶ 2} A manifest weight of the evidence claim raises a factual issue where we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. We undertake this review recognizing that "the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St. 230, at paragraph one of the syllabus.
 {¶ 3} The state's evidence showed that the victims, a husband and wife, were walking on a sidewalk very late at night and were about to overtake Hope and Magwood, who happened to be walking in front of them. Just before they passed them, Hope and Magwood turned and confronted them. Magwood grabbed the husband by the shoulder and demanded "everything I had, no one would get hurt."
At the same time, Magwood placed his other hand on his waist, as though he carried a weapon. The husband pulled out his wallet to show Magwood that he didn't have any money.
 {¶ 4} The wife corroborated her husband's testimony. She said that as Magwood stopped her husband, Hope "reached behind and started patting back here, trying to see if I had something on me." She said that he did this to determine if she carried a wallet. When it was apparent that neither victim carried any money, Hope told Magwood that they should let them go.
 {¶ 5} Before being released by Hope and Magwood, the victims flagged down a passing police car. Hope and Magwood fled in different directions. The police very quickly apprehended Magwood and the victims identified him at the scene. Magwood then told the police that Hope was his partner, and the wife later identified Hope from a photo array.
 {¶ 6} There is nothing in the evidence to show that the jury lost its way in finding that Hope participated in the robbery. The jury could believe the wife's testimony that Hope reached around and patted her in order to determine whether she carried a wallet. This act would show a conscious participation in the robbery. Moreover, Hope's statement that they should release the victims came after he and Magwood determined that the victims carried no money, so the jury could conclude that the statement was a recognition that the robbery had failed its purpose.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J., Concur.