JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On July 7, 2006, a Cuyahoga County Grand Jury indicted defendant-appellant Eric Caraballo ("Caraballo") with the following seven counts: three counts of felonious assault, two counts of attempted murder, aggravated menacing, and domestic violence. One-and three-year firearm specifications attached to the felonious assault and attempted murder charges.
 {¶ 2} On December 5, 2006, the case proceeded to jury trial. At the request of the State, the trial court dismissed count three, felonious assault.
 {¶ 3} On December 15, 2006, the jury returned the following verdict: guilty of two counts of felonious assault; guilty of the one-year firearm specifications attached thereto; not guilty of the three-year firearm specifications attached thereto; not guilty of the two counts of attempted murder with the attached firearm specifications; guilty of aggravated menacing; and guilty of domestic violence.
 {¶ 4} On the same day, the trial court sentenced Caraballo to six years of imprisonment as follows: one year of imprisonment for the firearm specifications to be served concurrent to each other and prior and consecutive to the remaining sentence; five years of imprisonment on the felonious assault charges, which the court merged for sentencing purposes; six months of imprisonment for *Page 4 
aggravated menacing; and six months of imprisonment for domestic violence; the five-year and six-month sentences to be served concurrently.
 {¶ 5} The facts giving rise to the instant case occurred on June 25, 2006, at 2880 Fulton Road in Cleveland, Ohio. Edwin Caraballo ("Edwin"), Caraballo's brother, had recently returned from California, having left as a result of growing family tension.
 {¶ 6} On the day in question, the brothers argued over the phone. Caraballo told his brother to "stay where he was and we'll handle it when I get there." (Tr. 267.) Edwin did not want Anthony, his five-year-old son, privy to the argument and called Jennifer Castro ("Castro"), his girlfriend and Anthony's mother, to pick the child up before Caraballo arrived.
 {¶ 7} Castro arrived shortly before Caraballo. Edwin, Castro, and Anthony were on the sidewalk outside 2880 Fulton Road. Anthony was playing with rocks on the sidewalk. Edwin and Castro noticed Caraballo driving up the street in his sports utility vehicle. Edwin and Castro noticed that Caraballo did not slow his vehicle as he approached. Edwin yelled at Anthony to go towards his mother. Anthony obeyed.
 {¶ 8} Thereafter, Caraballo struck Edwin with his sports utility vehicle and pinned Edwin between the vehicle and the brick building. The force of striking the brick wall caused the vehicle to lurch backward, freeing Edwin. *Page 5 
Edwin fell to the ground. Edwin's shoe and shirt were stuck in the rim of the driver's side wheel and the car was severely damaged.
 {¶ 9} Anthony ran away in fear. Castro ran to find Anthony and found him hiding underneath a rear staircase of the building, crying. Anthony asked Castro if Edwin was dead. Castro took Anthony to a friend's apartment in the building and ran outside again to assist Edwin.
 {¶ 10} Castro witnessed Caraballo kick Edwin twice in the head and heard Caraballo say, "This is what you want me to do? You want me to kill you?" (Tr. 167). Caraballo then walked back to his car and retrieved his nine-millimeter handgun. Castro pleaded with Caraballo to refrain from using the handgun. Caraballo then took the gun apart and put it back in his vehicle.
 {¶ 11} Caraballo asked Castro for her keys so that he could take Edwin to the hospital; however, Castro denied his request. The police and an ambulance arrived shortly thereafter. Edwin indicated in the hospital that he did not want Caraballo going to jail.
 {¶ 12} Caraballo appeals, raising four assignments of error.
 {¶ 13} In the interest of judicial economy, Caraballo's first and second assignments of error will be addressed together.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in not granting appellant's motion for judgment of acquittal as to all counts of the indictment." *Page 6 
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred in not granting appellant's motion for judgment of acquittal as to all of the firearm specifications."
 {¶ 14} Caraballo argues that the trial court erred in denying his motion for acquittal because the State failed to present sufficient evidence as to all counts of the indictment. Caraballo also argues that the trial court erred in denying his motion for acquittal because the State failed to present sufficient evidence as to all firearm specifications. We disagree.
 {¶ 15} Crim.R. 29(A), which governs motions for acquittal, states:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 16} Furthermore, in reviewing the sufficiency of the evidence, this court held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421. (Internal citations omitted.) *Page 7 
 {¶ 17} Caraballo argues that there is insufficient evidence to prove the "knowingly" element of felonious assault, as charged. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "Whether a person acts knowingly can only be determined, absent a defendant's admission, from the surrounding facts and circumstances, including the doing of the act itself." State v. Huff, 4th Dist. No. 06CA7,2006-Ohio-5081.
 {¶ 18} The State charged Caraballo with three counts of felonious assault: first, that Caraballo knowingly caused serious harm to Edwin; second, that Caraballo knowingly caused physical harm to Edwin by means of a deadly weapon, namely, his motor vehicle; and third, that Caraballo knowingly caused physical harm to Edwin by means of a deadly weapon, namely a firearm. See R.C. 2903.11.
 {¶ 19} Regarding the first count of felonious assault, we find that any rational trier of fact could find the "knowingly" element of the crime proven beyond a reasonable doubt. Castro witnessed Caraballo kick Edwin twice in the face and exclaim, "This is what you want me to do? You want me to kill you?" (Tr. 167.) Additionally, Caraballo said, "This is all your fault." (Tr. 168.) Thus, from the surrounding facts and circumstances and from the actual act of kicking *Page 8 
Edwin in the face, any rational trier of fact could find the element of "knowingly" proven beyond a reasonable doubt.
 {¶ 20} As to the second count of felonious assault, causing physical harm to Edwin by means his motor vehicle, we also find that any rational trier of fact could find the "knowingly" element of the crime proven beyond a reasonable doubt. Castro testified that Caraballo was not driving the speed limit, that the engine sounded loud as if it were accelerating, that the sports utility vehicle was not slowing down, and that Caraballo struck Edwin with the vehicle. (Tr. 158-59.) Castro did not hear any braking or see any skidding. (Tr. 183.) Caraballo admitted hitting his brother with his motor vehicle. (Tr. 316.) Therefore, in reviewing all evidence, the surrounding facts and circumstances and the actual act of striking Edwin with a motor vehicle, any rational trier of fact could find the element of "knowingly" proven beyond a reasonable doubt.
 {¶ 21} The trial court judge granted Caraballo's Crim.R. 29 motion for acquittal as to the third count of felonious assault with a firearm. Therefore, Caraballo's first assignment of error as to this charge is moot.
 {¶ 22} Next, Caraballo argues that the trial court erred in denying his Crim.R. 29 motion for acquittal for counts four and five of the indictment: attempted murder with a motor vehicle and attempted murder with a firearm. Specifically, Caraballo argues that the biased, repeated, conclusory statements *Page 9 
by Edwin and Castro are insufficient to establish Caraballo's mental state on the date in question.
 {¶ 23} According to the statute, "No person shall purposely cause the death of another * * *." R.C. 2903.02(A). "Attempt" is set forth as follows: "No person, purposely * * * shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Lastly, the mental state, as charged for attempted murder is "purposely." "Purposely" is defined as:
 "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 24} Regarding attempted murder with a motor vehicle, the evidence reveals the following: Caraballo and Edwin were about to confront each other; Caraballo and Edwin's relationship had been strained for at least one year; Caraballo did not apply his brakes; Caraballo's motor vehicle did not skid; Caraballo was not driving the speed limit; Caraballo did not slow down; Caraballo admitted that he hit Edwin; and lastly, asked, "You want me to kill you?" (Tr. 167.)
 {¶ 25} Regarding attempted murder with a firearm, the evidence reveals the following: After kicking Edwin in the face, and just prior to returning to his car to get his firearm, Caraballo stated, "This is what you want me to do? You *Page 10 
want me to kill you?" (Tr. 167.) Caraballo walked back to his motor vehicle and retrieved a nine-millimeter firearm. Caraballo attempted to walk back to Edwin, Castro intervened and tried to restrain him physically and repeatedly yelled to Caraballo, "What are you going to do now, shoot him, shoot your brother?" (Tr. 170.) Lastly, after Castro intervened, Caraballo disengaged the firearm and returned it to the rear of his motor vehicle.
 {¶ 26} Although Caraballo argues that Edwin's and Castro's testimony is biased, repetitive, and conclusory, this court has held: "It is settled law, however, that conflicts in evidence are to be resolved primarily by the trier of fact based on the credibility of the witnesses and, when such evidence is presented, a reviewing court should refrain from substituting its judgment of the witnesses' credibility for that of the trier of fact." State v. McCree (1988), Cuyahoga App. No. 54826, 1988 Ohio App. LEXIS 5231; see, also, State v. DeHass (1967),10 Ohio St. 230. Thus, after reviewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could find the element of "purposely" beyond a reasonable doubt regarding counts four and five for attempted murder.
 {¶ 27} Caraballo also contends that the trial court erred by denying his Crim.R. 29 motion for acquittal of aggravated menacing and domestic violence for the same reason, namely, that Edwin's and Castro's testimony is biased, repetitive, and conclusory. The aggravated menacing statute reads, in part: *Page 11 
 "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other persons' unborn, or a member of the other person's immediate family." R.C. 2903.21(A).
 {¶ 28} After hitting Edwin with his sports utility vehicle Caraballo said, "This is what you want me to do? You want me to kill you?" (Tr. 167). After striking Edwin with his vehicle, Caraballo kicked Edwin twice in the face while Edwin was on the ground, injured and bleeding. Thereafter, Caraballo retrieved a firearm from his motor vehicle and attempted to return to Edwin, thwarted only by Castro. Thus, in considering McCree and DeHass, and after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of aggravated menacing beyond a reasonable doubt.
 {¶ 29} Caraballo argues the same regarding domestic violence, that there lacks sufficient evidence to establish the "knowingly" element of the crime: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). Pursuant to our analysis of aggravated menacing, and in light of the fact Caraballo and Edwin are brothers and thus, family members, the trial court did not err in denying Caraballo's Crim.R. 29 motion for acquittal as to domestic violence. *Page 12 
 {¶ 30} Lastly, Caraballo contends that the trial court erred in denying his Crim.R. 29 motion for acquittal as to the one-and three-year firearm specifications attached to his felonious assault and attempted murder charges.
 "Imposition of a one-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. * * *." R.C. 2941.141.
 {¶ 31} Here, the evidence reveals that Caraballo had a black nine-millimeter firearm under his control, in his sport utility vehicle, during the entire incident on June 25, 2006. Thus, it cannot be said that the trial court erred in denying Caraballo's Crim.R. 29 motion for acquittal regarding the one-year firearm specifications attached to his felonious assault and attempted murder charges.
 {¶ 32} The three-year firearm specification statute reads:
 "Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. * * *."
 {¶ 33} The evidence demonstrates that Caraballo in no way displayed, brandished, used, or indicated that he possessed a firearm while striking Edwin *Page 13 
with his vehicle or while kicking Edwin, constituting counts one and two for aggravated assault and count four for attempted murder. Thus, there was insufficient evidence to convict Edwin of the three-year firearm specifications attached to counts one, two, and four of the indictment. However, the jury found Edwin not guilty of the three-year firearm specifications attached to the first and second counts for felonious assault. Therefore, Edwin did not suffer deprivation of a substantial right and the error was harmless.
 {¶ 34} Regarding count five for attempted murder with a firearm, a review of the evidence reveals that Caraballo displayed and brandished his black nine-millimeter firearm after threatening to kill Edwin. Thus, the trial court did not err in denying Caraballo's Crim.R. 29 motion for acquittal as to count five of the indictment for attempted murder.
 {¶ 35} Caraballo's first and second assignments of error are overruled.
 {¶ 36} Again, in the interest of judicial economy, we address together Caraballo's third and fourth assignments of error.
 ASSIGNMENT OF ERROR NUMBER THREE
 "The jury verdicts regarding all of the counts of the indictment of which appelalnt [sic] was found guilty were against the manifest weight of the evidence."
 ASSIGNMENT OF ERROR NUMBER FOUR
 "The jury verdict regarding the firearm specifications were against the manifest weight of the evidence." *Page 14 
 {¶ 37} Caraballo argues that his entire verdict is against the manifest weight of the evidence. Caraballo argues that his verdict regarding firearm specifications is against the manifest weight of the evidence. We disagree.
 {¶ 38} According to the Ohio Supreme Court:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 39} In light of our analysis as to Caraballo's first and second assignments of error, after reviewing the entire record, after weighing the evidence and all reasonable inferences, in considering the credibility of the witnesses, and in resolving conflicts of evidence, we find that the jury did not clearly lose its way and create a manifest miscarriage of justice. We find that the jury verdict is not against the manifest weight of the evidence.
 {¶ 40} Caraballo's third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 15 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1